1 | CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
2 | PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
3 | KENNETH BRAKEBILL (CABN 196696)
Assistant United States Attorney
4 |     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
5 |     Telephone: (415) 436-7167
     Facsimile: (415) 436-7169
6 |     Kenneth.Brakebill@usdoj.gov

7 | Attorneys for Defendants U.S. DOGE Service and
Office of Management and Budget
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 |

13 | MSW MEDIA, INC. and FIRST AMENDMENT COALITION,

14 |     Plaintiffs,

15 |     v.

16 | U.S. DOGE SERVICE and OFFICE OF MANAGEMENT AND BUDGET,

17 |     Defendants.

18 |

Case No. 3:25-cv-02881-AMO

**REPLY IN SUPORT OF MOTION TO DISMISS OR TRANSFER FIRST AMENDED COMPLAINT; IN THE ALTERNATIVE, MOTION TO STAY**

Date:  August 7, 2025
Time: 2:00 p.m.
The Honorable Araceli Martínez-Olguín

19
20
21
22
23
24
25
26
27
28

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
NO. 3:25-CV-02881-AMO

**TABLE OF CONTENTS**

I.     Introduction...........................................................................................................1

II.    Plaintiffs Effectively Concede That Venue for the Action As Plead Does Not Lie In the Northern District of California..........................................................................1

       A.    Plaintiffs Do Not Dispute the Underlying Factual Defects In Their Complaint That Defeat Venue In This District.................................................1

       B.    Plaintiffs Offer No Justification Under FOIA's Special Forum Provision for Venue of the Case in This District..............................................................2

       C.    There Are No "Miniscule," "Related" or "Judicial Economy" Exceptions to FOIA's Special Forum Provision..............................................................3

       D.    Plaintiffs Do Not Dispute, and Therefore, Concede That the General Venue Provision Is Not a Basis for Venue In This Case.........................................3

       E.    Plaintiffs' Attempt to Fabricate Mootness Is Contrary to FOIA Law and Does Not Make Venue In This District Proper............................................4

III.   The Court Should Transfer the Entire Action to the District of Columbia...................7

       A.    Plaintiffs Do Not Dispute That 28 U.S.C. § 1406(a) Requires Dismissal or Transfer of "the Case" ..............................................................................7

       B.    There Is No Venue In This District For MSW Media's FOIA Claims and They Should Be Transferred to the District Of Columbia.................................7

       C.    Plaintiffs Do Not Overcome the Strong Reasons to Transfer the Claims of First Amendment Coalition to the District of Columbia ...............................7

IV.    A Stay Should Be Entered If the Court Does Not Transfer The Entire Action to The District of Columbia .........................................................................................12

       A.    Plaintiffs Do Not Dispute the Reasoning for Entry of a Landis Stay ...............12

       B.    The Reasons For a Stay Continue in Light of the Supreme Court's Recent Ruling....................................................................................................12

       C.    Defendants Agree to a Stay In the Event That the Court Does Not Transfer the Case To the District of Columbia ........................................................13

V.     CONCLUSION...................................................................................................13

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Abissi v. United States Citizenship & Immigr. Servs.*,
    729 F. Supp. 3d 505 (D. Md. 2024)..................................................................................... 3, 9

4

5

*Am. Small Bus. League v. United States Off. of Mgmt. & Budget*,
    631 F. Supp. 3d 804 (N.D. Cal. 2022) ...................................................................................... 8

6

*Baeta v. Sonchik*,
    273 F.3d 1261 (9th Cir. 2001) ................................................................................................... 7

7

8

*Canning v. Dep't of State*,
    346 F. Supp. 3d 1 (D.D.C. 2018) ............................................................................................... 6

9

10

*December 23, 2002 v. National Default Servicing Corporation*,
    2023 WL 2394643 (S.D. Cal., March 7, 2023)......................................................................... 2

11

*Gold as Trustee of Michelle Gold Separate Property Trust dated December 23, 2002 v.
    National Default Servicing Corporation*,
    No. 22-CV-1232 JLS (AGS), 2011 WL 4374995 (E.D. Cal. Sept. 19, 2011)........................... 2

12

13

*Hall v. Mortg. Inv'rs Grp.*,
    No. 2:11-CV-00952-JAM-GGH, 2011 WL 4374995 (E.D. Cal. Sept. 19, 2011) ................... 2

14

15

*Hoffman v. Blaski*,
    363 U.S. 335 (1960)................................................................................................................... 7

16

17

*Holmes-Hamilton v. FBI*,
    No. 21-cv-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021) .............................................. 3, 9

18

19

*Howell v. Tanner*,
    650 F.2d 610 (5th Cir. 1981) ................................................................................................... 10

20

21

*Islamic Shura Council of S. Cal. v. FBI*,
    779 F. Supp. 2d 1114 (C.D. Cal. 2011) ..................................................................................... 6

22

*Jenkins v. County of Riverside*,
    398 F.3d 1093 (9th Cir. 2005) ................................................................................................... 2

23

24

*Jewish Legal News, Inc. v. U.S. Dep't of Educ.*,
    No. 23-CV-05064-PHK, 2025 WL 964032 (N.D. Cal. Mar. 31, 2025) ................................... 5

25

26

*Jimenez v. Dep't of Homeland Sec.*,
    119 F.4th 892 (11th Cir. 2024) .................................................................................................. 6

27

28

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
NO. 3:25-CV-02881-AMO

*Mahtesian v. U.S. Off. of Pers. Mgmt.*,
   388 F. Supp. 2d 1047 (N.D. Cal. 2005) ............................................................................... 5

*Our Children's Earth Found. v. U.S. E.P.A.*,
   No. C 08-01461-SBA, 2008 WL 3181583 (N.D. Cal. Aug. 4, 2008) ..................................... 9

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) .......................................................................................................... 10

*Qureshi v. Countrywide Home Loans, Inc.*,
   No. 09–4198, 2010 WL 841669 n. 2 (N.D. Cal. Mar. 10, 2010) .......................................... 2

*Ramirez v. Ghilotti Bros. Inc.*,
   941 F. Supp. 2d 1197 (N.D. Cal. 2013) ................................................................................ 2

*Robinson v. Giamarco & Bill, P.C.*,
   74 F.3d 253 (11th Cir. 1996) ............................................................................................. 10

*Sanchez Mora v. U.S. Customs & Border Prot.*,
   No. 3:24-CV-02430-TLT, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024)................................ passim

*Unigard Ins. Co. v. Dep't of Treasury*,
   997 F. Supp. 1339 (S.D. Cal. 1997)...................................................................................... 5

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ......................................................................... 10, 11

*Wm. A. Smith Contracting Co. v. Travelers Indem. Co.*,
   467 F.2d 662 (10th Cir. 1972) ........................................................................................... 10

**Statutes**

5 U.S.C. § 552(a)(4)(B) ............................................................................................................. 2, 4

28 U.S.C. § 1391.......................................................................................................................... 3, 4

28 U.S.C. § 1404(a) ............................................................................................................... 7, 9, 10

28 U.S.C. § 1406(a) ........................................................................................................................ 7

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
NO. 3:25-CV-02881-AMO

I.      **Introduction**

This is a case about two FOIA requesters who brought a lawsuit where venue lies only in the District of Columbia. While Plaintiffs protest in Opposition that Defendants are somehow delaying this case by bringing the instant motion, Plaintiffs' allegations of "dilatory conduct" ring hollow. Plaintiffs do not dispute the factual allegations and omissions that inform the undeniable conclusion that venue is improper under FOIA's special forum provision. Plaintiffs also do not dispute, much less address, the clear case law validating this conclusion. Their only responses are either contrary to law or unavailing.

Plaintiffs' last-second effort to "moot" the transfer to the District of Columbia by adding—on the eve of the deadline of their Opposition—the resident Plaintiff as a joint requester on MSW Media's FOIA request runs afoul of FOIA law. Their purported co-requester (First Amendment Coalition) does not have standing to litigate that request. And Plaintiffs' attempt to oppose transfer also falls flat. This case is not "like every FOIA case" around the country, instead guided by a complaint whose claims and parties together only belong in the District of Columbia. Put simply, Plaintiffs' choice of venue in this District is strongly outweighed by the numerous factors favoring transfer of the entire case, rather than splitting this action into two parallel cross-country lawsuits litigating the same pattern-or-practice claims and FOIA violations founded on the same underlying legal issues whose contours are still being articulated by the D.C. Circuit and Supreme Court. As such, this is precisely the kind of case where transfer is necessary to minimize judicial inefficiencies and to avoid the risk of inconsistent judicial outcomes. And while a stay order is appropriate as an alternative, it is necessary only if the Court were to retain and not transfer any part of Plaintiffs' complaint.

II.     **Plaintiffs Effectively Concede That Venue for the Action As Plead Does Not Lie In the Northern District of California**

        A.      **Plaintiffs Do Not Dispute the Underlying Factual Defects In Their Complaint That Defeat Venue In This District**

In their Opposition, Plaintiffs do not dispute the factual allegations and omissions that form the basis of Defendants' venue challenge. That is because those allegations and omissions are incontrovertible. Plaintiffs specifically plead that their FOIA claims are brought by a resident Plaintiff (First Amendment Coalition) and an out-of-District Plaintiff (MSW Media). And Plaintiffs do not plead

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1  that any of the requested documents reside in this District.

2        **B.      Plaintiffs Offer No Justification Under FOIA's Special Forum Provision for Venue of the Case in This District**

3        In their Opposition, Plaintiffs make no attempt to square these venue-related facts with the

4  special-forum provision in FOIA, 5 U.S.C. § 552(a)(4)(B). Quite glaringly, Plaintiffs even fail to

5  mention 5 U.S.C. § 552(a)(4)(B), avoiding altogether any effort to explain how—under this statutory

6  provision that governs venue in FOIA cases—venue as to each claim and each party is proper in the

7  Northern District of California. Put simply, Plaintiffs provide no legal analysis whatsoever in response

8  to the four-page explanation in Defendant's opening memorandum as to why venue for this action is

9  improper in this District.

10        Plaintiffs' failure to address Defendants' legal arguments on venue under the FOIA statute is

11  fatal. Where a party fails to oppose or address issues in their opposition to a motion on the pleadings, the

12  Court deems that failure a concession on those issues. *See, e.g.*, *Gold as Trustee of Michelle Gold*

13  *Separate Property Trust dated December 23, 2002 v. National Default Servicing Corporation*, No. 22-

14  CV-1232 JLS (AGS), 2023 WL 2394643, *4 (S.D. Cal., March 7, 2023) (collecting Ninth Circuit cases;

15  finding that the plaintiff effectively abandoned her claims by failing to address the arguments raised in

16  motion to dismiss); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013)

17  (deeming failure to oppose an argument in motion to strike as concession of the issue); *Hall v. Mortg.*

18  *Inv'rs Grp.*, No. 2:11-CV-00952-JAM-GGH, 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011)

19  (explaining that plaintiff's failure to oppose defendants' argument on motion to dismiss "serve[d] as a

20  concession"); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198, 2010 WL 841669, at *6 n. 2

21  (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged

22  in a motion on pleadings, an "abandonment of those claims") (citing *Jenkins v. County of Riverside*, 398

23  F.3d 1093, 1095 n.4 (9th Cir. 2005)). This Court similarly should find that Plaintiffs effectively concede

24  improper venue.

25        The closest Plaintiffs get to touching on the venue issue—which they raise in the context of

26  seeking to avoid transfer instead of arguing that venue is proper in the first place—is an explicit

27  acknowledgement that they are avoiding the issue. *See* ECF No. 22 at 7 ("While there is no controlling

28

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1   case law in this Circuit regarding pendent venue, Plaintiffs will not ask the Court to weigh in on that

2   nuanced question. Instead, as an act of compromise, Plaintiffs have instead rendered the question

3   moot.").[1] Setting aside the fact that the issue of pendent jurisdiction is neither nuanced nor without legal

4   authority, their claim is not an argument at all but rather a sheepish effort to conveniently avoid the

5   unfavorable case law applying FOIA's special forum statute in similar factual circumstances. Indeed,

6   Plaintiffs avoid the clear line of case law, *including in this District*, indicating that where a FOIA action

7   is pled with in-District and out-of-District plaintiffs, there is no pendent jurisdiction over the out-of-

8   District's claims and the District of Columbia is the only district court that can entertain the FOIA

9   claims of the plaintiffs in that lawsuit. *See* ECF No. 18 at 11-14 (discussing *Sanchez Mora v. U.S.*

10  *Customs & Border Prot.*, No. 3:24-CV-02430-TLT, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024); *Abissi*

11  *v. United States Citizenship & Immigr. Servs.,* 729 F. Supp. 3d 505 (D. Md. 2024); *Holmes-Hamilton v.*

12  *FBI*, No. 21-cv-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021)).

13          **C.      There Are No "Miniscule," "Related" or "Judicial Economy" Exceptions to FOIA's
                       Special Forum Provision**

14

15          Without any authority, Plaintiffs passingly suggest at the outset of their Opposition that venue

16  may be proper in this District because (1) a joint lawsuit is "in the interest of judicial economy" and (2)

17  the out-of-District resident's FOIA request "was miniscule" in comparison to its co-Plaintiff's requests

18  but is "related in both its factual and legal substance." *See* ECF No. 22 at 1. But none of these proffered

19  reasons—even if true—provides a legal basis for venue of the action as plead in the Northern District of

20  California. As explained in Defendants' opening memorandum, where—as here—plaintiffs in a FOIA

21  action cannot meet their burden to demonstrate that venue is proper for each claim and party under

22  Section 552(a)(4)(B), there is no statutory basis for them to bring their action in the Northern District of

23  California. *See, e.g., Sanchez Mora*, 2024 WL 5378335, at *5 (improper venue for entire action in the

24  Northern District of California because two of the multiple plaintiffs did not establish venue).

25          **D.      Plaintiffs Do Not Dispute, and Therefore, Concede That the General Venue
                       Provision Is Not a Basis for Venue In This Case**

26

27          [1] As explained *infra* at 3-6, Plaintiffs' purported "act of compromise" on the pendent-venue
    issue—to try to modify the out-of-District Plaintiff's FOIA request into a "joint" FOIA request" that
28  might "moot" transfer (*see* ECF No. 22 at 7)—is no more than a self-interested, last-ditch effort to
    unsuccessfully cure their pleading defects by fabricating a mootness issue that is contrary to the law.

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1       Plaintiffs do not dispute the clear case law in this District that the general-venue provision in 28

2   U.S.C. § 1391 cannot be a basis for venue in this case. *See, e.g.*, *Sanchez Mora*. 2024 WL 5378335, at

3   *5 (reconfirming that 28 U.S.C. § 1391 does not apply to FOIA actions). As explained in Defendants'

4   opening memorandum—and conceded by Plaintiffs due to their failure to address the issue, venue is

5   governed by the special forum provision in the FOIA, Section 552(a)(4)(B), which demonstrates that the

6   only proper venue for the action as plead is in the District of Columbia. *See* ECF No. 18 at 11-14.

7       **E.      Plaintiffs' Attempt to Fabricate Mootness Is Contrary to FOIA Law and Does Not
              Make Venue In This District Proper**

8

9       While one strategy of Plaintiffs in opposition is to avoid altogether a discussion of the FOIA

10  special forum provision and the case law concluding that pendent venue does not apply in FOIA cases

11  (*see supra* at 1-2), the second part of their strategy is more elaborate. Plaintiffs skip right over the venue

12  issue and recast it as one of "severance," arguing that the Court "should not sever the case" (ECF No. 22

13  at 2 n.1) because Plaintiffs' attempt *during this briefing* to join the in-District Plaintiff (First

14  Amendment Coalition) as a "co-requester" on the out-of-District Plaintiff's original FOIA request

15  "render[s] the question of severance moot." ECF No. 22 at 7. Plaintiffs' reasoning appears to be that by

16  adding the in-District Plaintiff on all the FOIA requests at issue in this lawsuit, the Court should keep

17  the entire action in this District and not transfer any part of it. But this strategy is a blatant attempt to

18  skirt FOIA's special forum provision that also runs afoul of the FOIA law.[2]

19      The problem with Plaintiffs' approach is that Plaintiff First Amendment Coalition has no

20  standing to sue on MSW Media's FOIA request since its name did not appear on the original FOIA

21  request nor was it added during the pre-lawsuit administrative phase. This principle was reconfirmed

22  just months ago by another court in this District:

23          A person whose name does not appear on the request lacks standing to sue
            under FOIA, even if their interest was asserted in the request. [] Indeed, a
            person whose name does not appear on a request for records has not made
24          a formal request for documents within the meaning of the [FOIA] statute.
            [] Such a person, regardless of their personal interest in disclosure of the
25          requested documents, has no right to receive either the documents or
            notice of an agency decision to withhold the documents. [] Accordingly, a
26

27      ---
        [2] Plaintiffs' effort to add Plaintiff First Amendment Coalition as a co-requester so that it can
        litigate the joint interests of it and co-Plaintiff MSW Media underscores Plaintiffs' desire to keep the
28      entire action together, underscoring the reason this Court should transfer the entire case to the District of
        Columbia.

1
2
3
4

  person whose name does not appear on a FOIA request for records cannot sue in district court when the agency refuses to release requested documents, because they have not administratively asserted a right to receive them in the first place. [] In other words, only the person whose name appears on a FOIA request has standing to sue if the request is denied, because they are the only one who has formally asserted a right to the documents. []

5 *Jewish Legal News, Inc. v. U.S. Dep't of Educ.*, No. 23-CV-05064-PHK, 2025 WL 964032, *3 (N.D.

6 Cal. Mar. 31, 2025) (internal citations omitted) (holding plaintiff did not have standing to challenge the

7 redactions to, and withholding of, the documents produced in other earlier FOIA requests); *see also*

8 *Unigard Ins. Co. v. Dep't of Treasury*, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) ("holding [litigant]

9 never made a formal FOIA request, it has not administratively asserted its right to receive the materials

10 and has no standing to sue in the district court to obtain them"); *Mahtesian v. U.S. Off. of Pers. Mgmt.*,

11 388 F. Supp. 2d 1047, 1048-49 (N.D. Cal. 2005) (discussing law that person or entity who is

12 undisclosed in a FOIA request—or just disclosed as an anonymous client—does not have standing to

13 sue under FOIA in federal court; granting lack of standing motion).

14    Plaintiff First Amendment Coalition never presented itself administratively as a requester of the

15 records sought by MSW Media such that its rights would have been implicated by an alleged FOIA

16 violation for failure to produce. On the contrary, Plaintiff First Amendment Coalition only presented

17 itself as a "co-requester" *two months after Plaintiffs' initiation of litigation*—notably coming on the

18 heels of Defendants raising the issue of defective venue in its opening papers. The purported "joint

19 request" was literally a last-second, litigation-created attempt to avoid "severing" the plaintiffs and to

20 keep the entire action in this District. Indeed, the documents Plaintiffs filed in Opposition to support

21 their joint requester strategy (*see* ECF No. 22-3, Exhs. A & B) were emailed to counsel for Defendants

22 at 6:45pm the evening before Plaintiffs' Opposition was due. Applying *Jewish Legal News, Inc.* and the

23 other cited authority to this case, only MSW Media has standing to sue on its FOIA request, and

24 Plaintiffs' attempt to establish venue or otherwise keep this action in the Northern District of California

25 through the improper modification of MSW Media's FOIA request should be rejected.

26    Having failed to consider the law on standing, Plaintiffs cite three cases to argue that their last-

27 second "joint request" is not only effective but moots "the question of severance" and therefore justifies

28

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1    denial of Defendants' motion to transfer "in its entirety on that basis alone." ECF No. 22 at 7. Plaintiffs'

2    arguments are entirely misplaced. At best, the propositions of law they cite are irrelevant or misleading;

3    at worst, they are misrepresentations of the underlying cases. Regardless, those cases do not validate

4    Plaintiffs' co-requester attempts or otherwise create standing for Plaintiff First Amendment Coalition to

5    litigate MSW Media's FOIA request.

6         For example, Plaintiffs cite *Islamic Shura Council of S. Cal. v. FBI*, 779 F. Supp. 2d 1114, 1116

7    (C.D. Cal. 2011), for the proposition that "multiple entities can jointly file a FOIA request and jointly

8    litigate the processing of that request." ECF No. 22 at 7. But that case has no bearing here since, as

9    Plaintiffs conveniently do not mention, all 11 of the Plaintiffs—unlike the co-plaintiffs in this case—

10   apparently resided *in the same district* such that venue was not an issue. 779 F. Supp. 2d at 1116 (noting

11   that the plaintiffs were all citizens and organizations in Southern California that submitted a joint FOIA

12   request on the same date). Plaintiffs also cite *Canning v. Dep't of State*, 346 F. Supp. 3d 1, 11 (D.D.C.

13   2018), to argue that "[i]t is equally well-established that a co-requester can be added after the

14   submission of the original request." ECF No. 22 at 7. But Plaintiffs misleadingly neglect to mention the

15   timing of the co-plaintiff's addition as a co-requester in that case. While Plaintiffs correctly quote a

16   phrase in the factual background section of *Canning* stating that the co-plaintiff "was later added as a

17   co-requester" (*see id.* at 7), Plaintiffs do not quote the rest of the sentence, where the *Canning* court

18   indicates only that these co-plaintiffs "filed suit together" six months after the original FOIA request

19   was submitted—not that the plaintiff was added as a co-requester after the litigation commenced. As

20   such, *Canning* certainly does not endorse the post-lawsuit addition attempted by Plaintiffs in this case.

21        And finally, Plaintiffs point to *Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 897 (11th Cir.

22   2024) to suggest that their post-lawsuit effort to modify the requester status of MSW Media's FOIA

23   request is valid. ECF No. 22 at 7. While Plaintiffs correctly excerpt a phrase from the case's factual

24   background to note that *Jimenez* involved three foreign nationals jointly litigating several FOIA requests

25   with a co-requester legal resident of Florida, Plaintiffs fail to mention that each of the co-requester

26   "submissions" occurred while the FOIA requests were at the administrative level and many months

27   before all of the plaintiffs together initiated the lawsuit. *See Jimenez v. Dep't of Homeland Sec.*, No. 19-

28

1   21546 (S.D. Fla.), ECF No. 1 (Complaint) ¶¶ 33, 63 (filed Apr. 23, 2019). That is far from the situation

2   at bar, where Plaintiff First Amendment Coalition has sought to make itself a co-requester two months

3   after the lawsuit began and during briefing on defective venue. Accordingly, unlike these other

4   situations, Plaintiff First Amendment Coalition lacks standing to litigate MSW Media's FOIA request.

5   **III.    The Court Should Transfer the Entire Action to the District of Columbia**

6        **A.    Plaintiffs Do Not Dispute That 28 U.S.C. § 1406(a) Requires Dismissal or Transfer of "the Case"**

7

8        Plaintiffs do not address—and thus do not dispute—that the mandatory provision of 28 U.S.C.

9   § 1406(a) is implicated when, as here, a lawsuit does not lay venue in the correct district. That provision

10  clearly provides that when a court determines that plaintiffs have "filed *a case* laying venue in the wrong

11  division or district," that statutory section *requires* the district court to either "dismiss or if it be in the

12  interest of justice, transfer *the case* to any district or division in which it could have been brought." 28

13  U.S.C. § 1406(a) (emphasis added). Because Plaintiffs offer no response, they concede that the Court

14  must either dismiss "the case" as plead or, if it is in the interest of justice, transfer "the case" as plead.

15       **B.    There Is No Venue In This District For MSW Media's FOIA Claims and They Should Be Transferred to the District Of Columbia**

16       Having failed in Opposition to provide any basis under FOIA's special forum provision for

17  MSW Media to pursue its FOIA claims in the Northern District of California, Plaintiffs cannot establish

18  that MSW Media can pursue its FOIA claims in this District. Plaintiffs also do not dispute that the

19  District of Columbia is an "all-purpose forum in FOIA cases" where MSW Media indisputably could

20  have brought its FOIA claims. Accordingly, because the interest of justice ordinarily requires transfer

21  rather than dismissal," *Sanchez Mora*. 2024 WL 5378335, at *6 (citing *Baeta v. Sonchik*, 273 F.3d 1261,

22  1264-65 (9th Cir. 2001)), MSW Media's claims should be transferred to the District of Columbia. And

23  as explained *supra* at 3-6, Plaintiffs' "joint request" strategy does not operate to save MSW Media's

24  claims from being transferred.

25       **C.    Plaintiffs Do Not Overcome the Strong Reasons to Transfer the Claims of First Amendment Coalition to the District of Columbia**

26       In their Opposition Plaintiffs skip the first step of the transfer analysis under 28 U.S.C.

27

28  § 1404(a)—namely, to determine if the action "might have been brought" in the transferee district where

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

7

1    the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). As

2    such, while there cannot be any dispute on this point, Plaintiffs concede that this case could have been

3    brought in the District of Columbia because it is the "all-purpose forum in FOIA cases." *See Sanchez*

4    *Mora*. 2024 WL 5378335, at *7. Plaintiffs instead focus on a handful of the factors a court is to consider

5    when next determining whether transfer would serve the interest of justice and the convenience of

6    parties and witnesses. But Plaintiffs' analysis is either incomplete or ignores the factual circumstances of

7    this case.

8         First, Plaintiffs largely dismiss the prospect of transfer by suggesting that transferring this case—

9    after MSW Media is removed—would be akin to transferring every other FOIA case being litigated

10   outside the District of Columbia. *See, e.g.,* ECF No. 22 at 2 (this case "describes practically every FOIA

11   case in every district court besides the D.C. District Court—and many in this District, and yet courts

12   across the country—and many in this District and even more in this Circuit—still adjudicate FOIA cases

13   instead of transferring them to the D.C. District Court."). That argument is misplaced since it views this

14   action in a vacuum, (1) ignoring the defective procedural posture *in this case* that prompted a transfer

15   request of the entire case on efficiency grounds, (2) overlooking the significance of the joint pattern-or-

16   practice claim (the Fourth Cause of Action) in the transfer analysis and (3) failing to consider the

17   efficiencies of resolution in the District of Columbia since judicial review on the core legal subject at

18   issue (*i.e.*, the test for determining agency status of Defendant USDS) is pending in the D.C. Circuit, as

19   directed by the Supreme Court.

20        As an initial matter, this case is not like "every other FOIA case" around the country, such as the

21   one FOIA case cited by Plaintiffs in their Opposition (*see* ECF No. 22 at 3-4) where the sole issue—

22   unlike here—was whether OMB had conducted an adequate search for, and production of, documents

23   relating to OMB's federal acquisition budget. *See Am. Small Bus. League v. United States Off. of Mgmt.*

24   *& Budget*, 631 F. Supp. 3d 804, 814 (N.D. Cal. 2022) (granting summary judgment to OMB). The issue

25   of transfer on efficiency grounds did not arise there because, unlike here, there was no venue defect in

26   the pleading. In that case, too, there was no pattern-or-practice claim brought by resident and out-of-

27   District  plaintiffs where there was a prospect of litigating that issue in two separate forums. Nor in that

28

case was there a novel question of law at issue that was being litigated in the D.C. Circuit as directed by

the Supreme Court. Each of these features exists in this case and, contrary to Plaintiffs' suggestion,

distinguishes this case from "every FOIA case" around the country.[3]

Further, the existence of Plaintiffs' joint pattern-or-practice claim—which Plaintiffs do not

consider in their Opposition—highlights how transfer of the entire action would best serve judicial

economy and consistency in legal rulings. Plaintiffs chose not to address the case law addressing FOIA's

special forum provision and pendent jurisdiction in FOIA cases and, therefore, they overlook a primary

rationale for transfer as explained by those cases. For example, in *Sanchez Mora*, which included a joint

pattern-or-practice claim, the court held that:

> Absent transfer of [the resident Plaintiffs'] claims, the case will proceed
> simultaneously in two different forums because Plaintiffs' claims cannot
> be consolidated in the Northern District of California. Transferring some,
> but not all, of the Plaintiffs' claims to the District of Columbia would pose
> significant concerns for judicial economy and would risk inconsistent
> judicial outcomes.

2024 WL 5378335, at *8 (citing *Our Children's Earth Found. v. U.S. E.P.A.*, No. C 08-01461-SBA,

2008 WL 3181583, at *4 (N.D. Cal. Aug. 4, 2008) ("Section 1404(a) was designed to . . . ensure

systemic integrity and fairness in the judicial process, and the efficient administration of the court

system")). Those same concerns also were discussed in *Abissi* and *Holmes-Hamilton*, which Plaintiffs

also chose not to address in their Opposition. In those two cases, just like *Sanchez Mora*, the respective

district courts transferred *the entire case*, including the claims of resident Plaintiffs, to the District of

Columbia. *See Abissi*, 729 F. Supp. 3d at 510-11 (finding that the relevant "factors favor transfer of the

entire case [to the District of Columbia], rather than splitting this case in two and requiring it to proceed

in a piecemeal manner"); *Holmes-Hamilton*, 2021 WL 5166376, at *5 (ordering that "the case, in its

entirety, shall be transferred to the United States District Court for the District of Columbia").

---

[3] Plaintiffs' statements about the fact that the undersigned counsel for Defendants handled the defense of the *Am. Small Bus. League v. United States Off. of Mgmt. & Budget* litigation indicates that Plaintiffs misunderstand Defendants' transfer analysis. Defendants are not arguing that the office location of the undersigned is in Washington, D.C. but rather that the overall of convenience factors militate in favor of transfer since: the government entities are headquartered in D.C.; any government witnesses and agency counsel are in D.C.; the policies and procedures relevant to a policy-or-procedure claim are located in D.C.; lead counsel for Plaintiffs resides in the D.C. area; and the government's counsel—the U.S. Attorney's office—has an office in D.C., too.

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1    The same "significant" concerns are implicated in this case when considering the possibility of

2    transferring MSW Media's claims while retaining First Amendment Coalition's claims. Among other

3    things, the same pattern-or-practice claims would be litigated in two separate forums, as would be the

4    predicate findings that would inform whether there is a pattern-or-practice claim (since that claim is only

5    at issue if a court were to determine that USDS is an agency for purposes of FOIA). Accordingly, as in

6    *Abissi* and *Holmes-Hamilton*, and just like the Northern District court found in *Sanchez Mora*, judicial

7    economy and the risk of inconsistent rulings "*weigh[] overwhelmingly in favor of transfer*" in this case.

8    2024 WL 5378335, at *8 (emphasis added) (transferring FOIA claims to District of Columbia).

9    Second, Plaintiffs' citation to a handful of cases, mostly outside the Ninth Circuit, suggesting the

10   importance of their choice of forum in the transfer analysis (*see* ECF No. 22 at 4-5), does not overcome

11   those significant concerns. Plaintiffs' initial quotation from the Supreme Court's opinion in *Piper*

12   *Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) is not only misleading but inapplicable. Plaintiffs

13   neglect to mention that *Piper* concerned application of the *forum non conveniens* doctrine and not the

14   Section 1404(a) analysis that is at issue here. Indeed, in the same decision, the Supreme Court explicitly

15   noted that "§ 1404(a) transfers are different than dismissals on the ground of *forum non conveniens*,"

16   also noting that district court were "given more discretion under § 1404(a) than they had to dismiss on

17   the grounds of *forum non conveniens*." *Id*. at 253. The balance of the cases cited by Plaintiffs do no

18   more than indicate that a plaintiff's choice of forum is but one factor in the overall calculus about

19   transfer that can be overcome by other considerations—as is the strong case here.[4] Notably, Plaintiffs

20   fail to address any of the numerous cases that Defendants briefed in their opening memorandum as to

21   why in this case Plaintiffs' choice of forum in this District should be afforded minimal weight. *See* ECF

22   No. 18 at 16-17. That is because all those cases specifically confirm that a plaintiff's choice is afforded

23   little deference or weight when there is little connection between the underling allegations and the

24   District. *Id.* To that end, while Plaintiffs cite to *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D.

25

26   [4] Three of the cases cited by Plaintiffs, all of which are out of Circuit and between 30 to 50 years
     old, concern an appellate court's question as to whether the trial judge abused its discretion on a transfer
27   decision. Those cases state a singular proposition of law but contain no multi-factor analysis under
     Section 1404(a) that would be of help in this case. *See* ECF No. 22 at 4 (citing *Howell v. Tanner*, 650
28   F.2d 610, 616 (5th Cir. 1981); *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996);
     *Wm. A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

1   Cal. 2001), they omit from their Opposition that the court in *Williams* specifically noted that "[t]he

2   degree to which courts defer to the plaintiff's chosen venue is *substantially reduced* where the plaintiff

3   does not reside in the venue or where the forum lacks a significant connection to the activities alleged in

4   the complaint." *Id.* (emphasis added). That is precisely the point made by Defendants in their opening

5   memorandum (see ECF No. 18 at 17) and again now: none of the underlying background factual

6   allegations occurred in the Northern District of California—a fact that Plaintiffs do not dispute and

7   hence concede.

8       Plaintiffs' remaining arguments also do not support keeping this case in the Northern District.

9   Plaintiffs note a minimal inconvenience that "two-thirds" of its lawyer teams apparently "reside[s] in

10  California." ECF No. 22 at 5. But this should be a non-factor since Plaintiffs confirm that their lead

11  counsel resides in the Washington, D.C. area (*id.*) and lead counsel has been the only attorney for

12  Plaintiffs that has communicated with counsel for Defendants and made any filings for Plaintiffs

13  (indeed, he was the only signatory on their complaint, Opposition brief and multiple applications to the

14  Court for remote appearance at the initial case management conference, *see* ECF Nos. 13, 20, 27).

15      Finally, Plaintiffs deny the local interest of the District of Columbia, although they say this factor

16  is "at best, neutral." ECF No. 22 at 5. While Plaintiffs derisively label as "frivolous" Defendants'

17  arguments on D.C.'s local interest (*i.e.*, the District of Columbia's FOIA expertise and the D.C. courts'

18  involvement in the pending legal issue concerning whether USDS is an agency under FOIA),

19  remarkably the court in *Sanchez Mora* similarly cited the FOIA expertise of the District of Columbia

20  when it transferred the entire action (including the resident Plaintiffs' claims) there. 2024 WL 5378335,

21  at *8. As explained in Defendants opening memorandum, "[w]hile Defendants do not question this

22  Court's familiarity with FOIA law, the District of Columbia is widely acknowledged as having

23  significant and specialized expertise in working with the FOIA." And in this particular case, the

24  fundamental issues underlying this lawsuit—including the question of whether USDS is subject to FOIA

25  and what type of discovery, if any, is proper to answer that question—are currently being litigated in the

26  District of Columbia in *CREW*, with that issue now before the D.C. Circuit following the Supreme

27  Court's June 6, 2025 order granting the government's application for relief. *See* ECF No. 18 at 8-10, 21-

28

1   25 (describing *D.C. CREW* litigation); *see also infra* at 12 (explaining recent Supreme Court ruling).

2   Given the pendency in the District of Columbia of these proceedings bearing on this case, it defies

3   credulity that a transfer to the District of Columbia would be anything other than judicially efficient

4   while minimizing the risk of inconsistent legal rulings. The fact that the underlying legal issues in this

5   case have been actively percolating in the District of Columbia for months—at the explicit direction of

6   the D.C. Circuit and Supreme Court—makes it more efficient to proceed in the District of Columbia

7   than maintaining this action in the Northern District of California.[5]

8   Plaintiffs' citation to a pending case in the Southern District of New York ("Intercept Media"),

9   *see* ECF No. 22 at 5-6, does not undermine the reasons for transfer in this case. Intercept Media simply

10  arose in a different procedural posture than this case; it did not implicate venue outside SDNY. Here,

11  unlike Intercept Media, venue defects exist in the Northern District of California; venue of the case as

12  plead is only in the District of Columbia; and judicial economy and consistency militate in favor of

13  having the entire case in the District of Columbia instead of two cross-country lawsuits litigating the

14  same claims.

15  **IV.    A Stay Should Be Entered If the Court Does Not Transfer The Entire Action to The District of Columbia**

16

17          **A.    Plaintiffs Do Not Dispute the Reasoning for Entry of a Landis Stay**

18          Plaintiffs do not challenge any of the argument that Defendants raised in their opening

19  memorandum concerning entering a *Landis* stay if the Court retains any aspect of the FAC. *See* ECF No.

20  18 at 19-25. Indeed, Plaintiffs seem to concede that the doctrine of judicial economy counsels in favor of

21  a stay while the legal issues relating to whether the inquiry into FOIA agency status is formal or

22  functional, and whether and what kind of discovery is appropriate in answering that question, are

23  resolved in the D.C. Circuit and the Supreme Court.

24          **B.    The Reasons For a Stay Continue in Light of the Supreme Court's Recent Ruling**

25          On June 6, 2025, the Supreme Court granted the government's stay application, vacated the D.C.

---

26  [5] Although Defendants' motion does not go to the merits of these underlying issues, Defendants
27  continue to maintain that Defendant USDS is not an "agency" under FOIA such that there exists any obligation under FOIA to produce records, much less accept electronic FOIA requests on the FOIA.gov
28  portal. Defendants simply believe that judicial economy and legal consistency militate in favor of having the District of Columbia decide these issues.

REPLY ISO MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO STAY
No. 3:25-cv-02881-AMO

1  Circuit's order denying a writ of mandamus, and remanded for further consideration. *See*

2  https://www.westlaw.com/Document/I3ae6bde0431511f0868a8355066ce26e/View/FullText.html?transi

3  tionType=Default&contextData=(sc.Default)&VR=3.0&RS=cblt1.0. In particular, the Supreme Court

4  instructed that "[a]ny inquiry into whether an entity is an agency for the purposes of the Freedom of

5  Information Act cannot turn on the entity's ability to persuade." Order at 1. The issue is now before the

6  D.C. Circuit, with the possibility of further review at the Supreme Court on a writ of certiorari after the

7  D.C. Circuit's consideration; and the prior orders of the D.C. District Court on these legal issues are

8  stayed. *Id.* ("The April 15, 2025, and May 20, 2025, order of the United States District Court for the

9  District of Columbia, case No. 25-cv-511, is stayed pending remanded consideration at the Court of

10  Appeals, and disposition of the petition for a writ of certiorari, if such writ is timely sought."). The need

11  for a stay continues pending resolution of the issues before the D.C. Circuit and any further writ of

12  certiorari to the Supreme Court.

13      **C.      Defendants Agree to a Stay In the Event That the Court Does Not Transfer the Case
               To the District of Columbia**

14

15       In their Opposition, Plaintiffs agree to a stay so long as one issue is exempted from the stay:

16  possible briefing regarding retention of Elon Musk's records responsive to the FOIA request at issue in

17  Plaintiffs' Third Cause of Action. ECF No. 22 at 8. Defendants' response is two-fold. First, as a

18  threshold matter, the Court should first decide the issues of (1) improper venue and (2) transfer. If the

19  entire case is transferred to the District of Columbia, Plaintiffs can then place the issue of retention of

20  Elon Musk's records squarely before that district court where the action properly belongs. Second, in the

21  event that the Court retains any part of Plaintiffs' complaint, Defendants agree to stay the case while

22  exempting Plaintiffs' right to seek interim relief regarding retention of the Musk records at issue in

23  Plaintiffs' Third Cause of Action, *provided that* said agreement does not prejudice Defendants' right to

24  oppose any said request by Plaintiffs.

   **V.    CONCLUSION**

25

26       For the foregoing reasons and those explained in Defendants' opening memorandum, Defendants

27  respectfully request that the Court transfer this entire action to the District of Columbia where venue is

    //

28

1   appropriate for all claims and parties. If the Court were to retain any part of this action, it should enter a

2   *Landis* stay while threshold legal issues are resolved in the D.C. Litigation.

3   DATED: June 17, 2025                                  Respectfully submitted,

4                                                        CRAIG H. MISSAKIAN
                                                         United States Attorney

5                                                        */s/ Kenneth Brakebill*
6                                                        KENNETH BRAKEBILL
                                                         Assistant United States Attorney

7                                                        Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28